IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EDDIE LEE COTTON, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-149 (WLS) |
| BEN HILL COUNTY, SHERIFF DEPARTMENT OF BEN HILL COUNTY, | : |
| Defendants. | : |

**ORDER**

On September 10, 2013, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the above-captioned. (Doc. 1.) On November 5, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. (Doc. 4.) In support of its Motion, Defendant argued: 1) Plaintiff failed to serve Sheriff Dept. of Ben Hill County, 2) the Sheriff Dept. of Ben Hill County is not an entity capable of being sued and is therefore not a proper party, and 3) Plaintiff's Complaint fails to allege that Ben Hill County participated in the alleged constitutional deprivation. On November 25, 2013, Plaintiff filed a Response in Opposition. (Doc. 5.) Defendant filed a Reply in Support of its Motion to Dismiss on December 2, 2013. (Doc. 6.)

On December 9, 2013, Plaintiff filed an Amended Complaint, once again alleging a claim under § 1983, but also adding what appear to be due process and equal protection claims under Article I, Section 1 of the Georgia Constitution. (Doc. 7.) Because, however, Plaintiff's Amended Complaint was neither filed within Plaintiff's

1

21-day "matter of course" window nor was there any evidence that it was filed with the consent of Defendants or leave of the Court, *see* Fed. R. Civ. P. 15(a)(1), the Court instructed Plaintiff to show good cause in writing why his Amended Complaint (Doc. 7) should not be stricken because of his failure to appropriately move the Court for leave to file an amended complaint and why the Court should give him leave to file the same.

On January 21, 2014, Plaintiff filed his response to the Court's Order. (Doc. 10.) Therein, Plaintiff referenced his *pro se* status as the reason for his filing and asked the Court to allow him to file his amended complaint to "clarify the issues" for Defendant. (*Id.* at 2.) On January 24, 2014, Defendants also responded to the Court's Order, reiterating that Plaintiff's initial Complaint should be dismissed and asserting that Plaintiff's proposed amendment would be futile as it, too, fails to state a claim against either of the newly named defendants. (Doc. 11.) Since the only issue properly before the Court is whether Plaintiff should be given leave to amend his complaint, the Court will address this issue only.

## DISCUSSION

A.     **Federal Rules of Civil Procedure 12(b)(6) and 15(a)(2)**

Under Federal Rule of Civil Procedure 15(a)(2), a Court may grant a party leave to amend its pleading "when justice so requires." Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Generally speaking, the law requires that a district court liberally grant motions for leave to

amend the pleadings and deny such a motion only under certain circumstances. *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999).

Here, Defendants' arguments about Plaintiff's proposed amendment rest on futility grounds. "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility analysis is similar to the analysis a court undertakes when it assesses a Rule 12(b)(6) motion. Thus, "if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Matthews v. Brookstone Stores, Inc.*, No. 1:05-cv-369, 2005 WL 3058158, at *2 (S.D. Ala. Nov. 15, 2005) (citing cases). Therefore, the Court will analyze Plaintiff's proposed amendment using Rule 12(b)(6) standards.

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291

3

(quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).) The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-54 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint.) In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. With these standards in mind, the Court will review the sufficiency of Plaintiff's proposed Amended Complaint.

**B.    Defendants' Arguments**

In his initial Complaint, Plaintiff named Ben Hill County and the Sheriff Department of Ben Hill County as defendants. In his proposed Amended Complaint, Plaintiff has replaced the named defendants with Phillip Jay, Commissioner, in his official capacity as Chair of Ben Hill County Board of Commissioners, and Bobby

McLemore, in his official and individual capacities as Sheriff of Ben Hill County. Per Defendants, Mr. Jay and Sheriff McLemore, in their official capacities, would not be proper parties because official-capacity claims are in reality claims against the governmental entity. Therefore, Ben Hill County would be the only "proper" defendant. Defendants argue, however, that even if Plaintiff has properly named Ben Hill County as a Defendant, Plaintiff's proposed amendment is still futile for the reasons stated in Defendants' Motion to Dismiss—that a governmental entity cannot be held liable under 42 U.S.C. § 1983 based upon a theory of vicarious liability or respondeat superior, and Plaintiff has not alleged that Ben Hill County directly participated in, or implemented or promulgated an official policy or custom resulting in, the alleged constitutional deprivation.

As for the individual-capacity claim against Sheriff McLemore, Defendants contend that this claim fails as well because Sheriff McLemore similarly does not have vicarious liability under 42 U.S.C. § 1983, and Plaintiff's proposed amendment fails to state a claim for supervisor liability for the alleged constitutional violation. Thus, per Defendants, Plaintiff's proposed amendment against these individuals fails and would therefore be futile.

As for Plaintiff's claim that Defendants' conduct violates Article I, Section I of the Georgia Constitution, Defendants note that Plaintiff has failed to designate which of the twenty-nine (29) paragraphs of Article I, Section I, he asserts was violated and by whom. (Doc. 11 at 3.) Notably, Defendants raise no other arguments in defeat of these claims at this juncture.

5

1.   Plaintiff's 42 U.S.C. § 1983 Claims

   a. Ben Hill County's Liability Under § 1983

First, the Court agrees that Plaintiff's § 1983 claims against Mr. Jay and Sheriff McLemore, in their official capacities, are claims that should be brought against Ben Hill County as the proper defendant. As noted in *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)), official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See also Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) ("[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents.") Therefore, when a plaintiff is seeking damages in an official-capacity suit, he must look to the government entity itself. *Graham*, 473 U.S. at 166. Here, although Ben Hill County is not listed in the case-caption, it does appear that Plaintiff has named Ben Hill County as a defendant. (*See* Doc. 7.) The question is, however, has Plaintiff pleaded facts sufficient to state a claim against Ben Hill County under § 1983.

It is well established that a county's liability under § 1983 may be not be based on the doctrine of respondeat superior. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) and *Monell*, 436 U.S. at 694). Plaintiff has failed to identify an employee or agent of Ben Hill County in his proposed Amended Complaint who participated in the impoundment or his arrest, and it is axiomatic that "[a] county is liable under section 1983 only for acts for which [the county] is actually responsible." *Id.* (citation omitted). Therefore, because "a county is

6

liable only [under § 1983] when the county's "official policy" causes a constitutional violation, a plaintiff must allege facts showing that an official custom or policy of the county caused the constitutional injury. *Id.* at 1329 n.5 ("[I]t is when execution of a [county's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury that the [county] as an entity is responsible under § 1983.") (quoting *Monell*, 436 U.S. at 694)).

To allege a custom or policy, a plaintiff must point to either: 1) an officially promulgated county policy or 2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county. *Id.* at 1329. "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the county has a custom or practice of permitting it and that the county's custom or practice is "the 'moving force [behind] the constitutional violation.'" *Id.* at 1330 (quoting *City of Canton*, 489 U.S. at 389). Under either method for establishing a county's liability under § 1983, however, a plaintiff must: 1) allege that the local governmental entity, here the county, has authority and responsibility over the governmental function in issue and 2) identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue. *Id.* (additional citations omitted).

A review of Plaintiff's Amended Complaint reflects that Plaintiff has made no allegations regarding an officially promulgated county policy or an unofficial custom or practice. (*See* Doc. 7.) The Amended Complaint is devoid of any mention of an officially

7

promulgated county policy, such as an ordinance, resolution, etc. Additionally, Plaintiff has neither pointed to a custom—"a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law"—nor alleged that his constitutional deprivation was the result a "longstanding and widespread practice [that] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (additional citations omitted). He has merely alleged that Defendants arrested him and impounded his personal property in violation of federal and state law on a single occasion. (Doc. 7 ¶ 4.) Pointing to this isolated incident does not meet Plaintiff's burden to allege a custom or policy on the part of the County. *Depew v. City of St. Mary's, Georgia*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally random acts or isolated incidents are insufficient to establish a custom or policy."); *see also Sanchez v. Miami-Dade Cnty.*, No. 1:06-cv-21717, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) ("Proof of 'a single incident of unconstitutional activity' cannot suffice under *Monell* to impose liability on the County.") (quoting *City of Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985))). Therefore, because Plaintiff has failed to allege that his arrest and the impoundment of his livestock was anything other than an isolated incident, his § 1983 claim against Ben Hill County should be dismissed. *See, e.g., Sanchez*, 2007 WL 1746190, at *3 (dismissing plaintiff's complaint against the defendant county because "[p]laintiff has alleged that one incident occurred between himself and two police officers, and he has alleged nothing to show it was not an isolated incident").

### b. Sheriff McLemore's Individual-Capacity Liability under § 1983.

As noted previously, Plaintiff has also named Sheriff McLemore of Ben Hill County, in his individual capacity, as a defendant. At the outset, the Court notes "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). To state a claim for supervisory liability under § 1983, a plaintiff must either allege 1) that the supervisor personally participated in the alleged constitutional violation or 2) that a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation. *Id.* (describing the instances when a supervisor can be held liable under § 1983). With regard to the second prong, a causal connection can be established when either one of the following is present: 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so" or 2) "the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.* (additional citations and quotations omitted). To be actionable, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* (citations omitted).

In his Amended Complaint, Plaintiff alleges that "[t]he Sheriff seized the cattle and impounded said cattle without due notice to the Plaintiff." (Doc. 7 ¶ 3.) Defendants do note that this averment, on its face, appears to allege that Sheriff McLemore directly participated in the constitutional violation. Defendants contend, however, that this

9

statement conflicts with Plaintiff's more general statement in his original complaint that the "Ben Hill County Sheriff Dept." impounded the cattle. (*See* Doc. 1 ¶¶ 1, 3.) While Plaintiff may have been less specific in his original complaint, the issue currently before the Court is whether the *proposed amended* complaint passes muster under a Rule 12(b)(6) analysis. In the proposed Amended Complaint, Plaintiff alleges that it was the Sheriff that seized the cattle and impounded said cattle without due notice to the Plaintiff. (Doc. 7 ¶ 3.) As the Court has noted, at the motion to dismiss stage, the Court is required to accept Plaintiff's factual allegations as true. Accordingly, the Court will grant Plaintiff leave to file his Amended Complaint (Doc. 7) with respect to this allegation only, and allow Plaintiff to proceed with his § 1983 claim against Sheriff McLemore, in his individual capacity.

### 2. Plaintiff's State Constitutional Claims

Plaintiff's Amended Complaint also appears to raise claims under Paragraphs I (due process) and II (equal protection) of Article 1, Section 1 of the Georgia Constitution. (Doc. 7 at 1.) Defendants did not address these state constitutional claims in their response to Plaintiff's request for leave to amend his complaint because, in their view, Plaintiff did not identify the specific provisions to which he was referring. The Court, however, thinks that Defendants could have inferred from Plaintiff's proposed Amended Complaint that he was raising companion due process and equal protection claims to his federal due process and equal protection claims. Therefore, because Defendants chose not to err on the side of caution and address whether Plaintiff should be entitled to amend his complaint to include these state-law claims, the Court will

10

presume they are viable and let them proceed. Accordingly, though Plaintiff's § 1983 claim against Ben Hill County is dismissed for failure to allege a policy or custom causing the constitutional violation, Plaintiff's due process and equal protection claims under the Georgia Constitution may proceed against Ben Hill County and Sheriff McLemore, in his individual capacity. Therefore, Plaintiff's request to amend his complaint to include these claims only is granted.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS-IN-PART and DENIES-IN-PART** Plaintiff's request for leave to file his Amended Complaint (Doc. 7). Plaintiff's request to amend his complaint is **GRANTED** in that his claim pursuant to 42 U.S.C. § 1983 may proceed against Bobby McLemore, in his individual capacity as Sheriff of Ben Hill County. Plaintiff may also amend his complaint to include claims under Article I, Section 1, Paragraphs I and II of the Georgia Constitution, against Ben Hill County and Sheriff McLemore, in his individual capacity.

Plaintiff's request for leave to amend is **DENIED** as to his § 1983 official-capacity claims against Phillip Jay and Sheriff McLemore as these are actually claims against Ben Hill County. Plaintiff is further **DENIED** leave to amend his complaint, on futility grounds, to include a § 1983 claim as against Ben Hill County because his Amended Complaint fails to state a claim against the County under § 1983.

**SO ORDERED**, this   10th   day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**